UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN WESLEY KIMBROUGH, III,

    Plaintiff,

    v.                                         CAUSE NO.: 3:18-CV-887-JD-MGG

JOSEPH THOMPSON, et al.,

    Defendants.

OPINION AND ORDER

John Wesley Kimbrough, III, a prisoner housed at the Indiana State Prison, has suffered from rectal bleeding since 2015. Kimbrough initially filed a complaint and motion for preliminary injunction without the benefit of counsel. (ECF 2; ECF 5.) Counsel was appointed to represent him, and the motion for a preliminary injunction was denied with leave to refile. (ECF 17; ECF 19.) Kimbrough's appointed counsel then filed a renewed motion for preliminary injunction. (ECF 28.) In it, Kimbrough sought an order directing that he be evaluated by and, if medically necessary, treated by a gastroenterologist. In response, Warden Neal indicated that Kimbrough had been scheduled for a colonoscopy. (ECF 33.) Warden Neal further asserted that the motion for a preliminary injunction was therefore moot – an assertion that Kimbrough disagrees with. (ECF 33; ECF 34.) The motion was taken under advisement and Warden Neal was directed to promptly notify the court of the availability of the report following the colonoscopy and Kimbrough's treatment plan going forward. (ECF 37.)

The colonoscopy was performed on March 28, 2019, and the report shows that Kimbrough suffers from "mild colitis with occasional cryptitis and slight architectural distortion of crypts" – changes seen in early inflammatory bowel disease. (ECF 52-1 at 1.) Warden Neal, through counsel, initially represented that "[n]o further treatment was recommended." (ECF 52.) Warden Neal further represented that "medical staff at Indiana State Prison indicated Kimbrough continues to receive medication for G.I. complaints" and "[t]he intention is to continue treating Kimbrough on site as symptoms present." (*Id.*). In response, Kimbrough asserted that, although a colonoscopy was performed, Warden Neal did not agree to allow Kimbrough to receive a full evaluation from a gastroenterologist. Thus, no further treatment was recommended because the physician that performed the test was not asked to provide treatment recommendations – not because it is not needed. (ECF 53.) Additionally, while Warden Neal indicated that Kimbrough was receiving medication, the record did not disclose what medication he was receiving for his condition. (ECF 52; ECF 54.)

Because Warden Neal's filings left key questions unanswered, he was asked to provide additional information. (ECF 61.) Warden Neal then indicated that, when the colonoscopy was scheduled, Dr. Mark Nelson was not given any instructions other than to perform a colonoscopy due to a prior complaint of rectal bleeding and potential hemorrhoids. The report provided following the colonoscopy did not contain treatment recommendations. A few days after the colonoscopy was performed, Kimbrough saw Dr. Marthakis and was provided with his colonoscopy results. Dr. Marthakis assessed Kimbrough as having diverticulosis. Kimbrough was told that he could continue using

Pepcid or Zantac, and he was provided with information about managing the symptoms of diverticulosis, including eating a diet high in fiber. Dr. Marthakis saw Kimbrough again on May 20, 2019. When she asked if he was purchasing high fiber items for his diverticulosis, Kimbrough responded by indicating that there was no evidence that it would help his condition, and that he has an expert that indicated it would not be helpful.

On May 24, 2019, counsel for Dr. Marthakis provided her with an additional 1-page progress note from Dr. Nelson.[1] The progress note is dated April 2, 2019, and it indicates that the colonoscopy yielded "mild findings of inflammatory bowel disease" and recommended consideration for treatment with mesalamine or sulfasalazine. (ECF 64-2 at 12.) Following receipt of this additional information, counsel for Kimbrough contacted counsel for the defendants. Counsel for the medical defendants indicated that:

> [B]ased on the records contained in the email, staff has looked into this issue, and it appears an order was entered for additional labs and medication. As you correctly note, the finding was "very mild" IBS. However, Mr. Kimbrough has been enrolled in chronic clinic, to ensure consistent labs and monitoring, given the diagnosis of the mild IBS.[2]

(ECF 65-3 at 2.)

---

[1] Medical records indicate that the note was faxed to Indiana State Prison on April 19, 2019, although Dr. Marthakis contends that she was unaware of it until May 24, 2019. (ECF 65-1 at 2; ECF 65-2 at 2.)

[2] Counsel for the medical defendants erroneously referred to the diagnosis as IBS or "irritable bowel syndrome." Kimbrough was, however, diagnosed with Inflammatory Bowel Disease, not IBS.

3

Dr. Marthakis saw Kimbrough on May 30, 2019, to discuss his condition and determine what treatment was appropriate. She asked Kimbrough to submit to a digital rectal exam to determine the presence of rectal bleeding and determine if new medication was necessary. He refused to submit to the exam. He did submit to a blood draw and all results were normal. The Zantac was discontinued because Kimbrough reported that he had stopped taking it. Neither mesalamine nor sulfasalazine were prescribed for Kimbrough. There are no records before the court that demonstrate that Kimbrough was enrolled in a chronic clinic for this condition.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7thCir. 2013).

Because Kimbrough is a prisoner, the scope of the court's authority is further limited by the Prisoner Litigation Reform Act ("PLRA").

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation

> of the Federal right. This section of the PLRA enforces a point repeatedly
> made by the Supreme Court in cases challenging prison conditions: Prison
> officials have broad administrative and discretionary authority over the
> institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The first question the court must address is whether the motion for preliminary injunction is moot because Kimbrough has now had a colonoscopy performed. It is not. Kimbrough continues to suffer from rectal bleeding. A board-certified gastroenterologist has now found that he suffers from mild inflammatory bowel disease and has recommended that the physicians responsible for Kimbrough's care consider prescribing either mesalamine or sulfasalazine. Yet, neither have been prescribed. Thus, the fact that a colonoscopy was performed does not demonstrate that Kimbrough is now receiving constitutionally adequate care for his condition.

Next, the court must consider whether Kimbrough will suffer irreparable harm if injunctive relief is not granted. The medical evidence before this court establishes that Kimbrough has suffered from long-standing rectal bleeding and that, prior to counsel filing a motion for preliminary injunction on Kimbrough's behalf, very little was done to arrive at an appropriate diagnosis of Kimbrough's condition. Instead, he was repeatedly provided with treatment for hemorrhoids despite the absence of any evidence that he suffered from hemorrhoids and despite his reports that the medications provided were not helping his condition. The medical records establish that, although Kimbrough was not diagnosed as anemic, his hemoglobin was, at one

point, down to 14.5, a note indicates "he has low iron" levels, and he was prescribed iron for a time. (ECF 13-2 at 11-12, 17, 20.) When a colonoscopy was finally performed, it yielded treatment recommendations that, to date, have not been followed. The evidence further establishes that Kimbrough's condition causes him pain and discomfort.[3] Accordingly, Kimbrough has established that he will suffer irreparable harm if injunctive relief is not granted prior to the final resolution of his claims. Furthermore, the available remedies at law are inadequate to compensate Kimbrough for ongoing and potentially unnecessary pain and suffering.

The court must also consider whether Kimbrough has demonstrated that he has a reasonable likelihood of success on the merits. There is evidence before this court from which a reasonable finder of fact could conclude that the defendants have been deliberately indifferent to Kimbrough's suffering. The stubborn refusal to provide a colonoscopy despite more than one medical provider requesting that the test be performed (ECF 13-2 at 10-11, 58-59), the long-standing treatment with ineffective hemorrhoid medication, the insistence that Kimbrough submit to yet another rectal exam to confirm rectal bleeding when there is a long history of confirmed rectal bleeding as a condition to receiving further treatment, and the refusal to provide either of the recommended medications even after receiving a copy of Dr. Nelson's recommendation all point toward deliberate indifference. While the evidence is not

---

[3] Additionally, Kimbrough may be at greater risk of developing colon cancer. However, because that opinion was presented in the form of hearsay, it has not formed the basis for this court's conclusion.

6

conclusive, it is sufficient to demonstrate a reasonable likelihood of success on the merits.

The court must also weigh the competing harms to the parties if an injunction is issued. If the injunction is granted, the defendants will incur some costs, although they do not appear to be considerable. If injunctive relief is not granted, then it appears likely that Kimbrough will continue to suffer unnecessarily. The public interest is not substantially affected by the expense that will result from the preliminary injunction being granted, because the injunction would essentially require that the defendants do only what the Eighth Amendment already requires – provide Kimbrough with adequate treatment for his serious medical condition.

Because Kimbrough is a prisoner, there are additional considerations under the Prison Litigation Reform Act. Any injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). Here, Kimbrough has asked that the court: (1) direct the defendants to treat him with mesalamine or sulfasalazine; (2) direct Warden Neal to refer Kimbrough to Dr. Nelson or another board certified gastroenterologist at Franciscan St. Anthony Health in Michigan City, Indiana, for a full clinical evaluation and treatment plan; and (3) direct the defendants to provide any further diagnostic testing and treatment recommended by that doctor.

With regard to the request that the court order that Kimbrough be treated with mesalamine or sulfasalazine, Kimbrough has conceded that Dr. Nelson did not see

7

Kimbrough in clinic and did not take a full medical history. (ECF 53.) There may be contraindications to giving Kimbrough either of the medications that Dr. Nelson recommended. In other words, this is a decision that must be made by someone with appropriate credentials. While the court hopes that, after reviewing this order, Dr. Marthakis will again consider whether treatment with mesalamine or sulfasalazine are appropriate – and whether a rectal exam is really necessary to make that determination – the court is unwilling to direct that a particular course of treatment be provided in the absence of a medical opinion by a qualified physician that has both examined Kimbrough and considered his medical history.

However, it is both appropriate and narrowly tailored to require that Kimbrough receive a full clinical evaluation by a board certified gastroenterologist – either Dr. Nelson or some other physician of Warden Neal's choosing.[4] And, it is further appropriate to require that Warden Neal ensure that physician's recommendations are followed.

Warden Neal has argued that this relief cannot be ordered against him because he is not a medical provider. Warden Neal, however, has both the authority and the responsibility to ensure that Kimbrough receives medical treatment that is consistent with what the Eighth Amendment requires. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011)("the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Here, the court is not

---

[4] The court does not believe it is appropriate to mandate that the physician Warden Neal chooses practice at Franciscan St. Anthony Health in Michigan City, Indiana, as requested by Kimbrough.

ordering Warden Neal to do anything requiring a medical degree – he is required only to orchestrate an appointment with an appropriate specialist and make arrangements to ensure that the recommendations of that specialist are carried out.

For these reasons, the court:

(1) GRANTS John Wesley Kimbrough, III's renewed motion for preliminary injunction (ECF 28); and

(2) ORDERS Warden Neal to make arrangements to have John Wesley Kimbrough, III evaluated by a board certified gastroenterologist of his choosing within 30 days, and to report to the court the date and time of the schedule exam by 5:00 p.m. on Friday, June 21, 2019; and

(3) ORDERS Warden Neal to ensure that the recommendations of the gastroenterologist that examines John Wesley Kimbrough, III are carried out, either by that provider or by medical staff employed at Indiana State Prison.

SO ORDERED on June 18, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT